# STATE OF NORTH CAROLINA

_____ Wake _____ County

File No.

16CV008459

Film No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br><br>Wanza Cole | **DELAYED SERVICE**<br>**OF**<br>**COMPLAINT** |
| **VERSUS** | |
| *Name Of Defendant*<br><br>Wake County Public School System and Wake County Board of Edu | G.S. 1A-1, Rules 3 & 4 |

| TO: | TO: |
|---|---|
| *Name And Address Of Defendant 1*<br>Wake County Public School System<br>5625 Dillard Drive<br>Cary, North Carolina 27518 | *Name And Address Of Defendant 2*<br>Wake County Board of Education<br>5625 Dillard Drive<br>Cary, North Carolina 27518 |

You are being served with a copy of the complaint in this action, the delayed filing of which was ordered when the summons was issued. You must:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>James E. Hairston, Jr.<br>Hairston Lane PA<br>434 Fayetteville Street, Suite 2350<br>Raleigh, North Carolina 27601 | *Date*<br>JUL 2 6 2016<br>*Signature*<br>S. Z.<br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | *Time*<br>2/ ☐ AM ☒ PM |

RECEIVED
JUL 2 9 2016
SUPERINTENDENT

## RETURN OF SERVICE

I certify that this Document and a copy of the Complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served ☐ AM ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of this Document and Complaint.

☐ By leaving a copy of this Document and Complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Document and Complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service Accepted By Defendant

| Date Accepted | Time Served ☐ AM ☐ PM | Signature |
|---|---|---|

☐ Other Manner Of Service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-103, Side Two, Rev. 1/10
© 2010 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ Wake _____ County

File No.
16CV008459

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Wanza Cole | |

| Address |
|---|
| 434 Fayetteville Street, Suite 2350 |

| City, State, Zip |
|---|
| Raleigh, North Carolina 27601 |

**VERSUS**

| Name Of Defendant(s) |
|---|
| Wake County Public School System and Wake County Board of Education |

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

| Date Original Summons Issued |
|---|
| |

| Date(s) Subsequent Summons(es) Issued |
|---|
| |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Wake County Public School System | Wake County Board of Education |
| 5625 Dillard Drive | 5625 Dillard Drive |
| Cary, North Carolina 27518 | Cary, North Carolina 27518 |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| James E. Hairston, Jr. | JUL 2 6 2016 | 4 ☐ AM ☒ PM |
| Hairston Lane PA | Signature | |
| 434 Fayetteville Street, Suite 2350 | S.7 | |
| Durham, North Carolina 27601 | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

STATE OF NORTH CAROLINA FILED    IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

WAKE COUNTY    FILE NO.: 16 CVS 08459

2016 JUL 26 P 4: 18

WAKE COUNTY, C.S.C.

BY_____

|  |  |  |
|---|---|---|
| WANZA M. COLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| WAKE COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMES NOW**, the Plaintiff, by and through the undersigned, complaining of the Defendants, and alleges and says:

<u>**NATURE OF THE CASE**</u>

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and the common law of the State of North Carolina. The jurisdiction of this Court is invoked to redress the deprivation of rights guaranteed by federal and state law. These rights provide for damages for illegal retaliation and discrimination in the employment of Plaintiff Cole. Plaintiff Cole seeks damages, including, but not limited to, lost pay, loss of past, present, and future benefits, compensatory damages and pain and suffering as a result of the intentional and unlawful discrimination by Defendant as more fully described below.

1

## PARTIES AND JURISDICTION

1. Wanza M. Cole ("Plaintiff") is, and at all times relevant to this Complaint was, an African-American female citizen and resident of Holly Springs, Wake County, North Carolina.

2. Upon information and belief, the Wake County Board of Education (hereinafter "Defendant" or "BOE") is a body corporate capable of suing and being sued under the laws of the State of North Carolina and more specifically, pursuant to N.C.G.S. § 115C -40 *et seq.* It is also the administrative arm of the Wake County Public School System (hereinafter the "WCPSS").

3. This Court has jurisdiction over the subject matter of this action under the common law of North Carolina and pursuant to the judicial power vested in the General Court of Justice by N.C.G.S. §§ 7A-3, 7A-240, and 7A-243.

4. As to the claims grounded in federal law, this Court may exercise pendent jurisdiction over the same.

5. The Wake County Board of Education is an employer who regularly employs more than fifteen (15) persons.

6. Upon information and belief, Defendant has purchased liability insurance and/or participates in a risk pool that covers the claims alleged herein and the same is sufficient to effectuate a waiver of its sovereign and/or governmental immunity.

7. Venue is proper pursuant to N.C.G.S.§ 1-77 and 1-79, as Wake County is the county in which the actions taken against Plaintiff arose and is the county in which both parties reside.

2

## FACTUAL ALLEGATIONS

8.  Paragraphs 1-7 are re-alleged and incorporated herein by reference.

9.  Plaintiff Wanza M. Cole ("Mrs. Cole") was originally hired as a school teacher within the WCPSS in 1992.

10. In or around 2003, Mrs. Cole was promoted to Assistant Principal at Garner High School.

11. In or around 2007, Mrs. Cole was hired as Principal of West Cary Middle School (hereinafter "WCMS".

12. Mrs. Cole was born and raised in Cary, North Carolina and considered her job as a principal in her hometown as quite an achievement as she relished the opportunity to work with the children of Cary.

13. To that end, Mrs. Cole worked tirelessly to improve the quality of the educational experience for the children at WCMS and demanded the same dedication from the teachers and all other members of her staff.

14. Upon information and belief, WCMS was one of the highest performing schools in the WCPSS for many years under Mrs. Cole's tenure.

## THE "INVESTIGATION"

15. On or around December 16, 2014, Mrs. Cole was informed by Dr. Bryan Martin, Caucasian male, Senior Director of Employee Relations, that two teachers had shared that they were dissatisfied with the way the WCMS administration conducted its observations and evaluations of the teachers.

16. Dr. Martin also informed Mrs. Cole that he was sending Mary Swann, African-American female, to meet with and interview select staff regarding the observations and evaluations.

3

Dr. Martin further advised that he had already contacted Mrs. Cole's supervisor, Timothy Locklair, Caucasian male, then the new Western Area Superintendent.

17. Mrs. Cole replied to Dr. Martin during the December, 2016 meeting that she and/or her staff had conducted the observations and evaluations and that they were done so fairly.

18. Upon information and belief, Locklair was promoted to his position as Western Area Superintendent in or around November, 2014 as Mrs. Cole's previous supervisor was Jackie Ellis, African-American female.

19. During Mrs. Cole's December 16 meeting with Dr. Martin, she recalled Dr. Martin stating that the information from the teachers which precipitated the investigation occurred earlier during the summer.

20. Upon information and belief, Ms. Jackie Ellis was never informed by any person employed by the WCPSS that teachers had complained about the efficacy of the observations and evaluations conducted by WCMS administrators.

21. Locklair, Mrs. Cole's new supervisor, rescheduled several "mid-year" reviews with Mrs. Cole and never once mentioned that there was an issue with the observations and evaluations at WCMS.

22. Upon information and belief, the system utilized by the WCPSS to input teacher observations and evaluations electronically and online is known as the North Carolina Educator Evaluation System and otherwise known as "NCEES".

23. Upon information and belief, the system has experienced several known technical glitches since its inception and is still showing erroneous information to date. Mrs. Cole informed Dr. Martin of the problems WCMS experienced with the online system during the December 16 meeting.

4

24. Mrs. Cole also informed Dr. Martin that WCMS may have gotten behind on some of the evaluations as would be the case with numerous schools within the WCPSS.

25. That on or around January 8, 2015, Mary Swann met with the teachers that had been selected for interview. Mrs. Cole was not privy to nor furnished with the names of the selected teachers, nor with the questions that would be posed to them.

26. As a result of the interviews with the selected teachers, a meeting was held with Mrs. Cole, Dr. Martin and Timothy Locklair on February 11, 2015. During this meeting, Mrs. Cole reiterated that she had not intentionally done anything wrong with the observations nor evaluations of the teachers.

27. One week later, on or around February 19, 2015, Mrs. Cole was shown the "review" or conclusions gleaned by Martin after the interviews with the selected teachers.

28. The "review" or conclusions noted a "widespread lack of fidelity with regard to the online evaluation system." The review further noted that "[d]ates were incorrectly input . . .observation data was input well after the observation took place . . ."

29. Upon information and belief, the WCPSS did not give direction to the principal's nor outline any policy with respect to the handling of observations and evaluations.

30. Upon information and belief, the NCEES system is replete with inaccuracies that exists as of this date.

31. Upon information and belief, WCMS faired better than most schools in timely completing the NCEES evaluations and inputting the same into the system.

32. Upon information and belief, at least two (2) schools did not submit observations and evaluations into NCEES at all.

5

33. Upon information and belief, no other principal was even questioned regarding their input or lack thereof, into the NCEES system and none "investigated".

34. Upon information and belief, there is no policy nor direction whatsoever from the WCPSS as to whom is responsible for inputting the data into the NCEES system. There is no policy nor direction whatsoever mandating that the principal of any given school personally perform any given number of observations and evaluations as the same was expected of Mrs. Cole.

35. Mrs. Cole's performance was never before questioned and has been more than satisfactory during her entire tenure at WCMS. In fact Mrs. Cole's performance has been exemplary??????? up to the very first evaluation completed by Tim Locklair.

36. The first and only negative performance review of Mrs. Cole's career was signed off on by Locklair, who had never even met with her prior to the meetings with Dr. Martin and Douglas Thilman, Assistant Superintendent of Human Resources.

37. Upon information and belief, Locklair had never met with Mrs. Cole nor reviewed her past performance evaluations from Jackie Ellis to ascertain Mrs. Cole's strengths or weaknesses prior to the "investigation".

38. Mrs. Cole formally rebutted the "review" of the WCMS observation and evaluation process in its entirety and despite the rebuttal, the same "review" letter, dated February 19, 2015 was placed in her personnel file.

39. That Locklair postponed Mrs. Cole's "Mid-Year Review" approximately seven (7) times, until April, 2015, with the same normally held in January of the academic year.

6

40. That Locklair rated Mrs. Cole as "Not Progressing" on a goal implemented by Mrs. Cole herself, and never discussed nor addressed by Locklair before negatively rating her performance on the "Mid-Year review".

41. That Locklair, without independent knowledge nor observation, issued Mrs. Cole the lowest rating in the system, i.e. "Developing" in her "End of Year Review".

42. As a result of Locklair's wholly unsupported conclusions in the "End of Year" review, he recommended that, due to her performance, she should be removed as principal of WCMS.

43. Mrs. Cole was removed as principal of WCMS and the position was filled by Robert James, Caucasian male, with significantly less experience as a principal than Mrs. Cole.

44. Upon information and belief, no other principal has been recommended for removal nor removed from their position for issues relating to the NCEES observation and evaluation system.

45. Upon information and belief, the two (2) teachers who originally "complained" about the evaluation process were both observed consistent with the data submitted by Mrs. Cole and her staff of administrators into the NCEES system.

## THE HATE MAIL

46. Shortly after Mrs. Cole's promotion to principal of WCMS in 2007, she began to receive cowardly and anonymous "hate" mail at her home and at the school.

47. Mrs. Cole reported the receipt of several items of the vile mail to the administrators of the WCPSS, to no avail.

48. One of the letters stated that "they" had someone in the Human Resources department of the WCPSS that would get rid of her.

49. The hate mail finally ceased on or around August, 2014.

7

50. The hate mail started again on July 25, 2016, and upon information and belief, is authored by the same cowardly writer as before.

51. Upon information and belief, the anonymous coward is privy to certain information that is not otherwise known to the public but known by certain select personnel of the defendant.

52. Upon information and belief, the WCPSS has not investigated any in form nor even made an attempt to investigate the hateful letters written to Mrs. Cole for the past seven (7) years.

## THE DEMOTION

53. As a result of the February 19, 2015 "review" document orchestrated by Dr. Bryan Martin, Doug Thilman met with Mrs. Cole and informed her that she would be "reassigned" to an Assistant Principal's position effective July 1, 2015.

54. That the stated reason for the "reassignment", which Mrs. Cole clearly views as a demotion, was for "concerns regarding [her] performance and conduct relating to the evaluation of teachers at [WCMS]".

55. The Defendant further stated that Mrs. Cole would be paid her principal's salary until the end of her current contract, which expires June 30, 2017.

56. The Defendant also stated that at the end of the current contract, that any decision to extend or renew her employment would be in the role of an assistant principal at assistant principal pay.

57. Upon information and belief, Doug Thilman, Assistant Superintendent for Human Resources, was also the immediate past principal at WCMS prior to Mrs. Cole's tenure.

58. Upon information and belief, Doug Thilman, based upon the contents of some of the hate mail directed at Mrs. Cole, still has several teachers at WCMS that are still desirous of his leadership.

8

59. Upon information and belief, Tim Locklair, Mrs. Cole's immediate supervisor, had not independently investigated, nor was even aware of any issues relative to the observations and evaluations in the NCEES system with respect to WCMS until apprised by Thilman and Martin.

60. Despite his failure to independently investigate, he concluded, after meeting with Doug Thilman, that Mrs. Cole failed to implement the teacher evaluation process with "fidelity".

61. Upon information and belief, one of the two teachers who allegedly complained about the evaluation system were hired and/or worked under Thilman during his tenure as principal at WCMS.

62. Upon information and belief, the two teachers who allegedly complained about the evaluation system were actually observed and evaluated. Further, both of the teacher's evaluations were favorable.

63. Upon information and belief, Mrs. Cole is the first and only principal to be demoted as a result of inputting teacher observations and evaluations in the NCEES system.

64. Upon information and belief, Mrs. Cole's name still appears in the NCEES system.

65. Upon information and belief, Doug Thilman left Cary High School in the wake of a grade-changing scandal where it was later determined by the WCPSS, after investigation, that he was in fact complicit in the changing of grades not earned by particular students.

66. Upon information and belief, Thilman was not demoted to an assistant principal's position as Mrs. Cole was informed she would be, however, conversely, Thilman was "promoted" to his current position as Assistant Superintendent for Human Resources despite having been found to have illegally changed the grades of particular students.

9

67. The Defendant subsequently "reassigned" Mrs. Cole to the position of Director of Intervention Services on June 16, 2015.

68. As a result of her removal as principal at WCMS, Mrs Cole availed herself of the defendant's grievance policy.

69. Mrs. Cole exhausted her administrative remedies with the defendant by availing herself of and participating in all three (3) levels of the process, culminating in a Level Three hearing before select members of the Board of Education.

70. The Board concluded, after hearing, that Mrs. Cole was not demoted but "reassigned" and that the reassignment was within the purview of her contractual relationship with the WCPSS.

71. On or about July 14, 2015, Mrs. Cole filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") alleging she was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, due to her race, African-American.

72. That EEOC Charge No.: 433-2015-02336 is attached hereto and incorporated by reference as Exhibit "A".

73. That Mrs. Cole has exhausted her administrative remedies with respect to her federal claims alleged, and was issued a "Right-To-Sue" letter by the EEOC on April 7, 2016, the same attached hereto and incorporated by reference as "Exhibit B".

## CLAIMS FOR RELIEF

### COUNT I
### (Violation of Title VII of the Civil Rights Act of 1964)
### (Race Discrimination)

74. The allegations of Paragraphs 1-73 of this Complaint are re-alleged and incorporated by reference.

75. By engaging in the discriminatory acts, practices and conduct described above, the Defendant has discriminated against Plaintiff in the terms and/or conditions of her employment on the basis of her race, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

76. By engaging in such discriminatory and retaliatory conduct, the Defendant either knew or should have known that their conduct would cause Plaintiff, or any other person of ordinary sensibilities, damage, injury and suffering.

77. Indeed, as regards any person, whether a person of ordinary sensibilities or a hard-working African-American female, severe emotional distress is a natural and foreseeable consequence of the type of discriminatory conduct practiced by the Defendant.

78. Mrs. Cole had performed her job more than satisfactorily prior to her demotion and was, at all times, qualified for her position.

79. Nonetheless, in the instant case, Plaintiff suffered disparate and blatantly discriminatory treatment before being demoted from her position as principal, all on account of her race .

80. As a direct, proximate and foreseeable result of having been the victim of the discriminatory conduct that the Defendant has directed toward Plaintiff, she has been damaged. She will continue to lose, substantial wages, with a resulting loss of future earnings and enjoyment of life due to the demotion from her position as principal. She has

11

also suffered, and is continuing to suffer, severe emotional distress, depression, and mental anguish.

81. As compensation for the above-noted injuries and losses, Plaintiff is entitled to recover compensatory damages from Defendant in an amount greater than Twenty-Five Thousand and No/100ths Dollars ($25,000.00).

**COUNT II**
**(Intentional Infliction of Emotional Distress)**

82. The allegations contained in paragraphs 1-81 are re-alleged and incorporated herein by reference.

83. The acts, practices, and conduct of Defendants as described herein were extreme and outrageous, went beyond all bounds of decency and conduct that are tolerated by a civilized society, and were deliberately, intentionally, and recklessly perpetrated against the Plaintiff in total disregard for her feelings and sensibilities as a law-abiding, honest citizen.

84. As a direct and proximate result of this extreme and outrageous conduct, Mrs. Cole has been damaged. Mrs Cole is currently suffering from severe anxiety, paranoia, and extreme mental and emotional distress. Mrs. Cole has suffered from sleeplessness, uncontrollable anger, depression, nightmares and night chills. She has been diagnosed with depression and is presently undergoing treatment, including medication, for her mental health.

85. As compensation for the above-noted injuries and losses, Mrs. Cole is entitled to recover compensatory damages from the Defendant in an amount in excess of Twenty –Five Thousand Dollars ($25,000.00).

12

## COUNT III
### (Negligent Infliction of Emotional Distress)

86. The allegations contained in paragraphs 1-85 are re-alleged and incorporated herein by reference.

87. By engaging in the acts, practices, and conduct described herein, of Defendant either knew or should have known, that its conduct would cause Mrs. Cole, or any other person of ordinary sensibilities, extreme mental and emotional distress, damage, injury, and suffering. Moreover, the Defendant either knew, or should have known, that as an honest, law-abiding citizen, Mrs. Cole was either certain, or substantially certain, to suffer severe physical and/or emotional distress by reason of the unnecessarily humiliating actions taken against her by the Defendant.

88. Indeed, as regards any person, whether a person of ordinary sensibilities, or an upstanding, honest, hard-working citizen which, in the case of Mrs. Cole, included more than Twenty-four (24) years of exemplary service as an educator in the WCPSS, severe mental and emotional distress is a natural and foreseeable consequence of the type of extreme and outrageous conduct engaged in by the Defendant.

89. As a direct and proximate result of this conduct, Mrs. Cole has been damaged. Mrs. Cole is currently suffering from severe anxiety, paranoia, and extreme mental and emotional distress. Mrs. Cole has suffered from sleeplessness, uncontrollable anger, depression, nightmares and night chills. She has been diagnosed with depression and is presently undergoing treatment, including medication, for her mental health

13

90. As compensation for the above-noted injuries and losses, the Plaintiff is entitled to recover compensatory damages from the Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that:

1.   As to Count I of this Complaint, Plaintiff have and recover of the Defendant compensatory damages in an amount in excess of Twenty-Five Thousand and No/100ths Dollars ($25,000.00).

2.   As to Count II of this Complaint, Plaintiff have and recover of the Defendant compensatory damages in an amount in excess of Twenty-Five Thousand and No/100ths Dollars ($25,000.00).

3.   As to Count III of this Complaint, Plaintiff have and recover of the Defendant compensatory damages in an amount in excess of Twenty-Five Thousand and No/100ths Dollars ($25,000.00).

4.   As to all appropriate Counts of this Complaint, Plaintiff have and recover reasonable attorneys' fees from the Defendants.

5.   As to all appropriate Counts of this Complaint, Plaintiff be awarded pre-judgment and post-judgment interest.

6.   As to all appropriate Counts of this Complaint, Plaintiff have and recover an award of "front pay".

7.   That the costs of this action be taxed against the Defendants.

8.   That this case have a **Trial by Jury** on all issues so triable.

9.   For such other and further relief as to the Court may seem just and proper.

14

This the 26th day of July, 2016.

HAIRSTON LANE, P.A.

James E. Hairston, Jr.
NC Bar No.: 19687
434 Fayetteville Street
Suite 2350
Raleigh, North Carolina 27602
(919) 838-5295 Telephone
(888) 510-1160 Facsimile
E-mail: jhairston@hlbnclaw.com

15

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 433-2015-02336 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Wanza M. Cole | (919) 714-2983 | 02-16-1961 |

Street Address / City, State and ZIP Code

409 Arborhill Lane, Holly Springs, NC 27540

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WAKE COUNTY PUBLIC SCHOOL SYSTEM | 500 or More | (919) 431-7400 |

Street Address / City, State and ZIP Code

5625 Dillard Drive, Cary, NC 27518

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 02-01-2015   Latest 07-10-2015

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. In or about 1992 I was hired by the above named employer. My current position title is Director of Intervention.

II. On or about February 27, 2015 I was advised that I was being demoted from the position of Principal effective July 1, 2015. I was advised that I was being demoted because I allegedly failed to complete enough Teacher evaluations and falsified documents, specifically, teacher evaluations. I am aware of White Principals that completed fewer teacher evaluations than I and were not demoted. Also, I did not falsify Teacher evaluations and am aware of a White Principal that was found to have falsified student grades and was not demoted. I believe that I have been demoted because of my race.

III. For the above stated reasons I believe that I have been subjected to discrimination based on my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

July 14, 2015 / Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Wanza M. Cole
409 Arborhill Lane
Holly Springs, NC 27540

From: EEOC-Raleigh Area Office
434 Fayetteville Street
Suite 700
Raleigh, NC 27601

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **433-2015-02336** | **J. E. Morales,**<br>**Federal Investigator** | **(919) 856-4152** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Thomas M. Colclough,
Deputy District Director

04/04/16

*(Date Mailed)*

Enclosures(s)

cc: Adam S. Mitchell, Esq.
Attorney for Wake County Board of Education
THARRINGTON SMITH, L.L.P.
Post Office Box 1151
Raleigh, NC 27602

EXHIBIT
B



ATTORNEYS AT LAW

TWO HANOVER SQUARE
~4 FAYETTEVILLE STREET, SUITE 2350
RALEIGH, NORTH CAROLINA 27601


CERTIFIED MAIL™

9171 9690 0935 0107 8619 69

neopost
07/28/2016
US POSTAGE

Wake Co. Public School System
Attn: Dr. James Merrill
5625 Dillard Drive
Cary, NC 27518



RECEIVED
JUL 29 2016
SUPERINTENDENT

